NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-CV-335-KSF

SHUQIAN LIU                                                                                               PLAINTIFF

VS:                             **MEMORANDUM OPINION AND ORDER**

MICHAEL CHERTOFF, ET AL.                                                                  DEFENDANTS

\* \* \* \* \* \*

This matter is ripe for a decision, the *pro se* plaintiff having served the defendants with her Complaint for Writ in Nature of Mandamus & Declaratory Judgement and the defendants having moved the Court to dismiss the action for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

The instant complaint [Record No. 2] was filed on October 10, 2006. The plaintiff, who resides in Lexington, Kentucky, claimed the jurisdiction of this Court, under, *inter alia*, 28 U.S.C. §1331 and §2201, and she identified the defendants as follows: Michael Chertoff, as Secretary of the Department of Homeland Security; Emilio Gonzalez, Director of U.S. Citizenship and Immigration Services; and Robert S. Muller, Director of the Federal Bureau of Investigation.

The plaintiff sought to compel the named defendants to take action on her I-485 Application to Adjust to Permanent Resident Status,[1] which she had originally filed on November 20, 2003. Exhibit A. She recounted the steps that she had taken in conformity with the approval process and her numerous and varied efforts to have the application approved. She also attached documentary

---

[1] The plaintiff identified herself as the primary applicant, with her husband as the derivative beneficiary of her application.

exhibits, A - H, attesting to these efforts.

Ms. Liu, who is a scientist at the University of Kentucky in this division of the Eastern District of Kentucky, claimed that despite being fully qualified for permanent resident status and having obeyed all requirements, her application had been pending for several years. Accordingly, she alleged, she has suffered and will continue to suffer irreparable injury, in that she is unable to obtain grants for conducting her scientific research because of restrictions placed on aliens.

Noting that the defendants' actions/inaction on her I-485 application had so far taken three times "the expected 120 days to 1 year processing time and have failed to adhere to their own regulations,"[2] Plaintiff Liu sought approval on her application without further delay.

On December 7, 2006, the defendants responded jointly, by Assistant United States Attorney, with the pending motion to dismiss for lack of subject matter jurisdiction. They inform the Court that the plaintiff's review of Liu's application was completed and a notice of approval had issued on November 28, 2006, and they attach a copy of the notice of that date. Therefore, the movants assert, the plaintiff has received the relief she sought, and the Court should dismiss this action for mootness. The defendants cite to published opinions wherein plaintiffs sought to compel actions by other agencies and the cases were dismissed, on the ground that the matter had been rendered moot upon the agency's decision.

After the Court informed Ms. Liu of the need to file a response if she opposes the defendants' motion, she filed no response, and the time has now run for her to do so.

ORDER

---

[2] The plaintiff specifically claimed that the defendants were in violation of the Administrative Procedures Act, 5 U.S.C. §701, *et seq*.

2

"Under Article III, [a court] 'may only adjudicate actual, ongoing controversies.'" *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." Nothing remains to be enjoined or declared improper. *Berger, et al. v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 113 S. Ct. 2416 (1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)); *see also Kellogg v. Shoemaker*, 46 F.3d 503 (6th Cir.), *cert. denied*, 116 S. Ct. 120 (1995).

Consistent with the foregoing, the Court finds that there is no longer a controversy in the instant action, as the desired agency decision has been made and that decision has mooted the current action for declaratory or mandamus relief.

Accordingly, **IT IS ORDERED** as follows:

(1)   The defendants' motion to dismiss the instant cause of action [Record No. 7] is **GRANTED**; and

(2)   this action is **DISMISSED**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This January 23, 2007.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**

3